UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-00029-KKC

ANTHONY DAVID HUNT                                                    PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

WILLIAM LANE, *et al*.                                               DEFENDANTS

Anthony David Hunt, confined in the Casey County Detention Center located in Liberty,
Kentucky, has filed a *pro se* civil rights complaint. [R. 2]. The named defendants are William Lane,
Circuit Judge, and Donald Maze. Hunt has also filed a motion to proceed *in forma pauperis*, [R. 4]
which will be addressed by separate Order.

This matter is before the Court for initial screening.[1] Because this is a civil action being
pursued by a prisoner against government officials, the Court must screen the Complaint under 42
U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims
that are frivolous or malicious, fail to state a claim upon which may be granted, or seek monetary
relief from defendants who are immune from such relief. *Id.* §§ 1915(e) and 1915A.

Because Hunt fails to state a claim upon which relief can be granted under either § 1915(e)
or § 1915A, the Court will dismiss his § 1983 Complaint with prejudice and enter judgment in favor
of the named defendants.

## CLAIMS ASSERTED AND RELIEF REQUESTED

Hunt alleges that in 2003 or 2004, Defendant William Lane represented him in a child

---

[1]*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v.
United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint
must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

support proceeding, and that he (Hunt) settled the case by paying a $100.00 arrearage and "$60.00 current." [R. 2, p. 1]. Hunt states that at that time, "I had no charges on me." [*Id*.].

Hunt alleges that in 2004 he was charged with two felony offenses: failure to pay child support and being a felon-in-possession of a firearm. Hunt disputes that he was a felon and that he was delinquent on his child support payments. Hunt states that he hired Defendant Donald Maze (whom he also identified as "Champ" Maze) to represent him, although he also identified Maze as the "prosecuting attorney." [*Id*.].

Hunt alleges that Maze and Lane, who by 2004 had become the Circuit Judge of Montgomery and Bath Counties, conspired against him and caused him to be convicted. Hunt did not specify of what offense he was convicted. Hunt states that he is innocent and that "William Lane has cost me a 7 year sentence which I have about served and Champ Donald Maze represented me and done me wrong. . . ." [*Id*., p. 2]. Hunt seeks $7 million dollars in damages from Lane and $3 million in damages from Maze.

## DISCUSSION

To the extent that Hunt alleges that Lane and Maze conspired to have him convicted of either failure to pay child support or being a felon in-possession-of a firearm, he is claiming that they violated his right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution, which prohibits persons acting under color of state law from violating a person's rights guaranteed by either the federal constitution or federal law, and also guarantees due process and equal protection of the law with respect to state action. Hunt complains about the defendants' actions while representing him could also fall under the Sixth Amendment of the United States

Constitution, which guarantees effective assistance of counsel to those charged with criminal offenses.

Hunt did not allege the basis of jurisdiction for his construed Sixth and Fourteenth Amendment due process claims. But construing the Complaint broadly, as the Court must, Hunt's claims would fall under Title 42 U. S. C . § 1983. This statute provides a private cause of action for deprivations of federal rights against persons who act "under color of any statute, ordinance, regulation, custom, or usage, *of any State*," (emphasis added). While Sixth and Fourteenth Amendment claims are typically actionable under § 1983, Hunt fails to state a claim upon which relief can be granted for the reasons set forth below.

First, a § 1983 action seeking damages against those involved in a criminal proceeding are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." In other words, before Hunt could seek damages in a federal civil rights proceeding against those involved in his criminal case, Hunt would have to show a favorable termination of his criminal conviction, which essentially requires showing that his conviction has been overturned or set aside.

Hunt has not alleged that he obtained a favorable termination of his criminal conviction. Because Hunt states that he is close to completing a seven-year sentence resulting from his unspecified 2004 criminal conviction, it is highly unlikely that his conviction was ever overtured or otherwise rendered invalid. Accordingly, Hunt will most likely never be able to show a favorable termination of his conviction, as *Heck* requires.

3

Second, the *Rooker-Feldman* doctrine bars Hunt's claims against the defendants. This doctrine, described as "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Thus, however displeased Hunt is or was about the outcome of his 2004 criminal conviction and resulting seven-year sentence, he can not seek damages against his former attorneys and presiding judge through this civil rights action, claiming that they violated his constitutional rights during his criminal proceeding. Hunt was required to have asserted any challenges to his conviction by appealing it through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Third, the claims against Lane, in his capacity as the judge who presided over Hunt's 2004 criminal proceeding which resulted in his seven-year sentence, must be dismissed for another reason. Judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547,553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity is not diminished even if the judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359.

To the extent that Hunt asserts claims against Lane as his public defender in the earlier child support proceeding, Lane would still have no liability to Hunt under § 1983. Neither public defenders nor court appointed criminal defense counsel qualify as either state or federal actors. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender is not a state actor when performing the traditional functions as defense counsel); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C.Cir.1997) (unpublished table decision).

Fourth and finally, Hunt's claims for damages against his Maze fail for the same reason. Maze, as Hunt's defense attorney in the 2004 criminal proceeding, would not be a state actor for purposes of a civil rights claim under§ 1983. *See Georgia v. McColllum,* 505 U.S. 42, 53 n. 9 (1992). As noted, a federal civil rights action cannot be pursued against an attorney regarding representation of a criminal defendant, regardless of whether she or he is a private attorney or a public defender. *Polk*, 454 U.S. at 325.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Anthony David Hunt's Sixth and Fourteenth Amendment claims against Defendants William Lane, Circuit Judge, and Donald Maze are **DISMISSED WITH PREJUDICE**.

2. The Court will enter a separate Judgment.

Dated this 10th day of February, 2011.



Signed By:

*Karen K. Caldwell*

**United States District Judge**